Harold L. Collins, SBN: 68161
hcollins@rewlaw.com
Cris A. Klingerman, SBN: 82108
cklingerman@rewlaw.com
LAW OFFICES OF ROBERT E. WEISS INC.
920 Village Oaks Drive
Covina, CA 91724
Tel:  (626) 967-4302
Fax:  (626) 967-9216

Attorneys for Defendants Federal National Mortgage Association, Aurora Loan Services, LLC., Mortgage Electronic Registration Systems Inc., and Robert E. Weiss Incorporated

FILED
2009 DEC 23 PM 12: 12
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DAVID AMEZCUA,

           Plaintiff,

vs.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, AURORA LOAN SERVICES, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. (MERS), ROBERT E. WEISS INCORPORATED AS TRUSTEE OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., its agent(s). Its successors and assigns, all persons and Does 1 through 100 inclusive, claiming to have legal equitable lien and estate in the subject property: 10128 Orange Street, South Gate, California 90280.

           Defendants.

CASE NO. CV09-9412 RSWL (CWx)

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(a) & (b)

[Exclusive Jurisdiction (15 USC 788aa), Federal Question (28 USC 1331). and Diversity (28 USC 1332)]

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants Federal National Mortgage Association (hereinafter "FNMA"), Aurora Loan Services, LLC (hereinafter "AURORA"), Mortgage Electronic Registration Systems Inc. (hereinafter "MERS"),

-1-

1  and Robert E. Weiss Incorporated as Trustee of Mortgage Electronic Registration
2  Systems, Inc. (hereinafter "REW") hereby jointly remove to this Court the state court
3  action described below.

4      1.    On November 19, 2009, an action was commenced in the Superior Court of
5  the State of California for the County of Los Angeles, entitled <u>David Amezcua, Plaintiff
6  vs. Federal National Mortgage Association, Aurora Loan Services, LLC, Mortgage
7  Electronic Registration Systems Inc. (MERS), Robert E. Weiss Incorporated as Trustee
8  of Mortgage Electronic Registration Systems, Inc., et al., Defendants</u>, and bearing Case
9  No. VC054980. The state court issued its Summons in said action on November 19,
10 2009.

11     2.    Filed concurrently with this "Notice of Removal" is Defendants'
12 "Addendum to Notice of Removal" (hereinafter "ADDENDUM"), consisting of all
13 documents known to Defendants to have been filed in or issued by the court in said state
14 court action, which are designated in said ADDENDUM as follows:

15     Exhibit A:    Collectively a copy of the Summons and copies of the Complaint
16     (with attached "Memorandum of Points and Authorities" and
17     exhibits).

18     Exhibit B:    Collectively "Civil Case Cover Sheet" and "Civil Case Cover Sheet
19     Addendum and Statement of Location."

20     Exhibit C:    Notice of Case Management Conference.

21     Exhibit D:    Collectively Plaintiff's "Declaration re Notice of Ex Parte
22     Application for Orders," "Ex Parte Application For Temporary
23     Restraining Order, Order Shortening Time, and Order to Show
24     Cause re Preliminary Injunction," and "Memorandum of Points and
25     Authorities in Support of Motion for Preliminary Injunction" (with
26     exhibits) and '"Proposed Order for Preliminary Injunction."

27     Exhibit E:    "Defendant Federal National Mortgage Association's Opposition to
28     Ex Parte Application for Temporary Restraining Order:

Law Offices
ROBERT E. WEISS INCORPORATED
920 VILLAGE OAKS DRIVE
COVINA, CA 91724
TELEPHONE (626) 967-4302 – FAX (626) 967-9216

                    Memorandum of Points and Authorities and Declaration of Cris A. Klingerman in Support Thereof."

Exhibit F:   "Notice of Ruling on Ex Parte Application for Temporary Restraining Order."

Exhibit G:   Defendant Robert E. Weiss Incorporated's "Declaration of Non-Monetary Status."

3.   The date upon which Defendant FNMA received a copy of the Summons and Complaint is November 25, 2009, when Defendant appeared in court, through its attorneys, the Law Offices of Robert E. Weiss Incorporated, to oppose Plaintiff's ex parte application for a temporary restraining order. (Addendum, Exhibits D and E.)

4.   The date upon which Defendant Aurora received a copy of the Summons and Complaint is November 23, 2009. Plaintiff purportedly served said defendant by mail on November 19, 2009, requiring a return receipt, pursuant to California's *Code of Civil Procedure*, Section 415.40. Service pursuant to this statute is deemed complete on the 10th day after mailing, to wit: November 29, 2009.

5.   Defendant MERS does not know whether or not it has been served with a copy of the Summons and Complaint or, if service has been made, the alleged date thereof. Defendants' counsel herein has been unable to confirm with Plaintiff whether or not he contends MERS has been served and when said service allegedly occurred.

6.   Defendant REW has not been served, as a defendant, with a copy of the Summons and Complaint. However, on December 1, 2009, REW filed in the state court action its "Declaration of Non-Monetary Status," pursuant to California *Civil Code*, Section 2924l. (Addendum, Exhibit G, pages 265 to 268.)

7.   As to all Defendants joining in this "Notice of Removal," this matter is a civil action of which this Court has exclusive jurisdiction, pursuant to 15 U.S.C., Section 788aa, and is one which may be removed to this Court by said Defendants, pursuant to the provisions of 28 U.S.C. Section 1441, in that Plaintiff alleges in his complaint that various unspecified acts by unspecified Defendants violate the Securities

...

Exchange Act of 1934 or the rules and regulations thereunder and seeks relief in equity and/or at law to enforce any liability or duty created by said Act or the rules and regulations thereunder. (Addendum, Exhibit A, page 20, line 14 to page 21, line 4.)

8.  As to all Defendants joining in this "Notice of Removal," this matter is a civil action involving claims arising under the laws of the United States of which this Court has original jurisdiction, pursuant to 28 U.S.C., Section 1331 and 18 U.S.C., Section 1964(c), and is one which may be removed to this Court by said Defendants, pursuant to the provisions of 28 U.S.C. Section 1441, in that Plaintiff alleges in his complaint that various unspecified acts by unspecified Defendants violate the Racketeer Influenced and Corrupt Organizations Act (hereinafter "RICO"). (Addendum, Exhibit A, page 24, line 13 to page 25, line 27.)

9.  As to Defendants FNMA, AURORA and MERS, this matter is a civil action of which this Court has original jurisdiction, pursuant to 28 U.S.C., Section 1332, and is one which may be removed to this Court by said Defendants, pursuant to the provisions of 28 U.S.C. Section 1441, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, because Plaintiff alleges damages of at least $100,000.00 and he challenges Defendants' right to collect and enforce payment of a promissory note in the original sum of $285,000.00 secured and evidenced by a deed of trust recorded against his residential real property. (Addendum, Exhibit A, page 17, lines 25 to 27, page 23, lines 15 to 19, and pages 51 to 64.)

10. Complete diversity of citizenship exists in that Plaintiff is a citizen of the State of California. Defendant FNMA is a corporation incorporated in Washington, D.C., with its principal place of business in Washington, D.C. Defendant AURORA is a limited liability company, whose sole member is Aurora Bank FSB, which is a corporation incorporated in the State of Delaware, with its principal place of business in Littleton, Colorado. Defendant MERS is a corporation incorporated in the State of Delaware, with its principal place of business in Reston, Virginia.

11. Defendant REW is a California corporation, with its principal place of business located in Covina, California, but its citizenship should not be considered for purposes of determining federal diversity jurisdiction in that REW has been fraudulently joined in this action, within the meaning of McCabe vs. General Foods Corporation (9th Cir. 1987) 811 F2d 1336, and Morris vs. Princess Cruises, Inc. (9th Cir. 2001) 236 F3d 1061, in that no cause of action or claim for relief has been stated against this nondiverse defendant.

12. REW was substituted as trustee under the Deed of Trust ("DOT") executed by Plaintiff and merely acted as such in the nonjudicial foreclosure under the power of sale set forth in the DOT. (Addendum, Exhibit A, pages 45 to 47. California *Civil Code*, Section 2934a(d) states:

> "A trustee named in a recorded substitution of trustee shall be deemed to be authorized to act as the trustee under the mortgage or deed of trust for all purposes from the date the substitution is executed by the mortgagee, beneficiaries, or by their authorized agents. Nothing herein requires that a trustee under a recorded substitution accept the substitution. Once recorded, the substitution shall constitute conclusive evidence of the authority of the substituted trustee or his or her agents to act pursuant to this section."

Furthermore, California *Civil Code,* Section 2924(b) provides in pertinent part:

> "(b)  In performing acts required by this article, the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and amount of the default under the secured obligation, deed of trust, or mortgage...
>
> . . .
>
> "(d) All of the following shall constitute privileged communications

-5-

pursuant to Section 47:

> (1) The mailing, publication, and delivery of notices as required by this section.
>
> (2) Performance of the procedures set forth in this article.
>
> (3) Performance of the functions and procedures set forth in this article if those functions and procedures are necessary to carry out the duties described in Sections 729.040, 729.050, and 729.080 of the *Code of Civil Procedure*."

Additionally, the California Supreme Court noted in <u>I.E. Associates v. Safeco Title Insurance Co.</u> (1985) 39 Cal.3d 281, 216 Cal.Rptr. 438, 702 P.2d 596:

> "The rights and powers of trustees in nonjudicial foreclosure proceedings have long been regarded as strictly limited and defined by the contract of the parties and the statutes.... [¶] ... [T]here is no authority for the proposition that a trustee under a deed of trust owes any duties with respect to exercise of the power of sale beyond those specified in the deed and the statutes." ( *Id.* at pp. 287-288, 216 Cal.Rptr. 438, 702 P.2d 596.)

13.     Finally, Defendant REW filed and served on Plaintiff a "Declaration of Non-Monetary Status," (see Addendum, Exhibit G, pages 265 to 268.), pursuant to California *Civil Code*, Section 2924l, which states in pertinent part:

> "(a)    In the event that a trustee under a deed of trust is named in an action or proceeding in which that deed of trust is the subject, and in the event that the trustee maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee, then, at any time, the trustee may file a declaration of nonmonetary status. The declaration shall be served on the parties in the manner set forth in Chapter 5

(commencing with Section 1010) of Title 14 of the *Code of Civil Procedure.*

"(b)   The declaration of nonmonetary status shall set forth the status of the trustee as trustee under the deed of trust that is the subject of the action or proceeding, that the trustee knows or maintains a reasonable belief that it has been named as a defendant in the proceeding solely in its capacity as a trustee under the deed of trust, its reasonable belief that it has not been named as a defendant due to any acts or omissions on its part in the performance of its duties as trustee, the basis for that knowledge or reasonable belief, and that it agrees to be bound by whatever order or judgment is issued by the court regarding the subject deed of trust.

"(c)   The parties who have appeared in the action or proceeding shall have 15 days from the service of the declaration by the trustee in which to object to the nonmonetary judgment status of the trustee. Any objection shall set forth the factual basis on which the objection is based and shall be served on the trustee.

"(d)   In the event that no objection is served within the 15-day objection period, the trustee shall not be required to participate any further in the action or proceeding, shall not be subject to any monetary awards as and for damages, attorneys' fees or costs, shall be required to respond to any discovery requests as a nonparty, and shall be bound by any court order relating to the subject deed of trust that is the subject of the action or proceeding."

The time period in which Plaintiff was allowed by California law to serve an objection to REW's nonmonetary judgment status has expired, and Plaintiff has failed to serve any objection on REW.

14.   This "Notice of Removal" is timely, pursuant to 28 U.S.C., Section 1446,

1  in that it has been filed within 30 days of the earliest date Defendants are believed to
2  have received a copy of the Complaint from which it could first be ascertained that this
3  case is one which is removable.

LAW OFFICES OF ROBERT E. WEISS INC.

Date: 12/22/09

By: *[signature]*
HAROLD L. COLLINS,
Attorneys for Defendants Federal National Mortgage Association, Aurora Loan Services, LLC., Mortgage Electronic Registration Systems Inc., and Robert E. Weiss Incorporated

# PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA   )
                      )
COUNTY OF LOS ANGELES )

I, CARRIE L. KELLUM, declare as follows:

I am employed in Los Angeles County, I am over the age of eighteen years and am not a party to the within entitled action; my business address is 920 Village Oaks Drive, Covina, California.

On December 23, 2009, I served the following: "NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(a) & (b)" on the interested parties in said action by first class mail, postage prepaid, addressed as follows:

**DAVID AMEZCUA**
**10128 ORANGE STREET**
**SOUTH GATE, CA 90280**

I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Covina, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing affidavit/declaration.

I declare under penalty of perjury and the laws of the State of California that the foregoing is true and correct.

Executed on December 23, 2009, at Covina, California.

CARRIE L. KELLUM